**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|                                      |     |                                   |
|--------------------------------------|-----|-----------------------------------|
|                                      | )   |                                   |
| **DR. RICHARD L. SCHWARTZ, ET AL.,** | )   | **CASE NO. 1:04CV 1749**          |
|                                      | )   |                                   |
|                                      | )   |                                   |
| **Plaintiffs,**                      | )   | **JUDGE CHRISTOPHER A. BOYKO**    |
|                                      | )   |                                   |
| **vs.**                              | )   |                                   |
|                                      | )   |                                   |
| **CNA INSURANCE CO., ET AL.,**       | )   | **OPINION AND ORDER**             |
|                                      | )   |                                   |
| **Defendants.**                      | )   |                                   |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on the Motion for Leave to File First Amended Complaint and Motion for Remand both filed by Plaintiffs Dr. Richard L. Schwartz, Dr. Janet Mielke Schwartz, and Canton Vascular Institute, Inc. Upon careful consideration and review of the applicable law, the Court denies Plaintiffs' Motion for Leave to File First Amended Complaint and Plaintiffs' Motion for Remand.

**I. FACTUAL BACKGROUND**

Plaintiff, Richard Schwartz, M.D., and Philip Rice, M.D. ("Dr. Rice"), were partners in a lucrative cardiac surgical partnership for nearly a decade, when Dr. Rice unexpectedly fell prey to alcoholism. After a failed intervention, Plaintiff filed a shareholder derivative action against

2

Dr. Rice, who counterclaimed, and an action for dissolution of their corporations, Canton Heart Institute & Circulation, Inc., Clinical Imaging Resources, Inc., and Vein Disorder Center, Inc., in Stark County Case No. 92CV012.  On June 16, 1995, a jury granted Plaintiff judgment against Dr. Rice in the amount of one million four hundred and five thousand dollars, and a judgment for Canton Heart Institute & Circulation, Inc., Clinical Imaging Resources, Inc., and Vein Disorder Center, Inc. against Dr. Rice for four hundred seventy-eight thousand dollars and against Plaintiff for one hundred twenty-two thousand dollars.  Both parties appealed the judgment.

Shortly thereafter, Aultman Health Services Association ("Aultman") "held in abeyance" Plaintiff Schwartz's cardiac surgical privileges and procured the services of another cardiologist. In order to preserve his cardiac surgical practice, Plaintiff and Canton Vascular Institute, Inc., ("CVI") filed suit against Aultman, several individual cardiologists, and two cardiology groups alleging violations of the Sherman Anti-Trust Act and several other claims grounded in Ohio law in the United States District Court, Northern District of Ohio Case No. 93CV1838.  The trial judge granted summary judgment for the defendants on the federal anti-trust claims and refused to exercise jurisdiction over the state claims.  Plaintiff appealed to the United States Court of Appeals for the Sixth Circuit Case No. 94-3967, where the district court's ruling was affirmed. The United States Supreme Court refused to grant Plaintiff's Writ of Certiorari.

Plaintiff, in further defense of his then dwindling assets, sued Dr. Rice multiple times for varying claims relating to the dissolution of their partnership.  Plaintiff also re-filed the state law claims against Aultman, the individual cardiologists, and the cardiology groups alleging tortious interference with business, breach of contract, defamation, and invasion of privacy.  During this litigation, Aultman evicted Plaintiff from his hospital office and accused Plaintiff of threatening

3

to blow up the hospital.  Plaintiff defended against Aultman's eviction action by filing a Motion for Preliminary and Permanent Injunction.  The court ordered Aultman to allow Plaintiff to re-enter his hospital office, however, this lengthy injunction hearing cost approximately seventy-five thousand dollars in legal fees and expenses.  It should be noted that Plaintiff initiated all but one of the lawsuits in which he is seeking reimbursement of attorney fees and litigation expenses.

From 1992 to 1998, Plaintiff and CVI paid one million six hundred eleven thousand eight hundred twenty-nine dollars and eighty-three cents for attorney fees and expenses.  Plaintiff avers this was all an attempt to salvage his cardiac surgical practice and to defend his good name in the community.  During these years, Plaintiff, his wife Dr. Janet Schwartz, and CVI were insured under two policies.  The first, Chubb Masterpiece Policy #11181513, was sold to Plaintiff and his wife by Defendant, Chubb & Son, Inc., a division of Federal Insurance Company ("Chubb"), and written by Defendants Great Northern Insurance Company ("Great Northern") and Pacific Indemnity Insurance of California ("Pacific").  The second, CNA Business Account Package Policy #142963698, was sold to CVI by Defendant CNA Insurance Company ("CNA").  In January 1999, Plaintiff first contacted Defendants Great Northern and Pacific seeking reimbursement for legal costs and attorney fees incurred by initiating years of litigation.

On August 12, 2004, Plaintiffs, Richard Schwartz, Janet Mielke Schwartz, and CVI, filed a Complaint against "CNA Insurance Company" and "Chubb Group of Insurance Companies" in the Stark County Court of Common Pleas for their failure to reimburse Plaintiff for his litigation expenses.  On August 27, 2004, this case was removed to the United States District Court,

4

Northern District of Ohio, by the Chubb Defendants.

## II. LAW AND ANALYSIS

### Standard of Review

### Plaintiffs' Motion For Leave to File First Amended Complaint

The standard of review for a Rule 15(a) Motion for Amended and Supplemental Pleadings states in pertinent part, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave should be freely given when justice so requires." FED R. CIV. P. 15(a). Plaintiffs' Motion for Leave to File Amended Complaint was submitted on March 14, 2005, and proposes the addition of four new Ohio residents as defendants, including Plaintiffs' former insurance agents Schauer & Reid Insurance Agency, its principal, Charles Schauer, Seibert-Keck Insurance Agency, Inc., and its principal, James Berry. Since Plaintiffs have neglected to attach a copy of the proposed amendments it is difficult to ascertain whether any colorable state law claims have been properly alleged. Furthermore, these parties were not recently learned of through discovery; rather, the proposed defendants were easily identifiable prior to the Plaintiffs' initiation of this lawsuit eight months ago.

Pursuant to the United States Code, Chapter 28, §1447(e), if after removal, "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Upon determining the fairness of joinder, federal courts have considered the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly

injured if amendment is not allowed; and (4) other equitable considerations. *Jones v. Woodmen Accident & Life Co.*, 112 F. Supp.2d 676 (N.D. Ohio 2000).

Here, Plaintiffs argue that the primary purpose of this amendment is not to defeat federal jurisdiction, but rather to assert colorable state law claims, including breach of fiduciary duty, negligent misrepresentation, and breach of contract, against these agents.  However, the defense of prompt notice was initially raised in both Defendants' Answers; thus, it seems that Plaintiffs were dilatory in seeking an amendment to rebut this defense over six months later.  The Plaintiffs will not be significantly harmed by the denial of this Motion as they had ample time to amend their Complaint prior to March 14, 2005.  Additionally, Plaintiffs have the ability to subpoena these independent agents in order to refute the Defendants' allegations without actually joining the proposed defendants as parties.  Finally, this attempt to join these independent insurance agents is premature, as there can be no action against these agents, until this Court determines there was in fact coverage under the terms of each policy for Plaintiffs' past litigation.  Therefore, Plaintiffs' Motion for Leave to File First Amended Complaint is denied.

**<u>Plaintiffs' Motion For Remand</u>**

Removal is governed by 28 U.S.C. §1441 and should be construed narrowly with "due regard for the rightful independence of state governments."  *Jones,* 112 F. Supp.2d at 677.  According to 28 U.S.C. §1447(c), a party objecting to removal for any reason other than subject matter jurisdiction must assert the objection within thirty days of the removal to Federal Court.  As a result, Plaintiffs' objection that State Court is the more appropriate forum for resolution of state law questions cannot be heard at this time, since more than thirty days have passed from the date of removal.

6

Plaintiffs allege that diversity is destroyed, pursuant to the application of 28 U.S.C. §1332(c)(1), which states a corporation shall be deemed to be a citizen of any state, "in any direct action against the insurer of a policy or contract of liability insurance, . . . to which the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen."  However, the majority of courts have not applied the direct action provision to cases in which the insured is the person seeking to recover under the policy of insurance.  *See Searles v. Cincinnati Ins. Co.*, 998 F.2d 728, 729 (9th Cir. 1993); *Bowers v. Continental Ins. Co.*, 753 F.2d 1574, 1576 (11th Cir.), *cert. denied*, 473 U.S. 906, 105 S.Ct. 3531, 87 L.Ed.2d 655 (1985); *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 473 (1st Cir. 1979).  The Sixth Circuit has agreed and rejected a blanket application of the direct action exception to diversity jurisdiction involving actions between an insured and his insurance carrier.  *Lee Lipstreu v. Chubb Group of Insurance Companies*, 329 F.3d 898 (6th Cir. 2003) (acknowledging the absurdity in applying the direct action provision to a dispute solely between an insured and her own insurance company in that the plaintiff and defendant would always be considered citizens of the same state). Therefore, the direct action proviso does not apply in this particular situation and diversity of citizenship is preserved.

Defendants further allege that Chubb and CNA are not people, firms, or corporations, but rather trade names or phrases used to describe a group of separately incorporated and capitalized insurance companies which have common ownership.  Pursuant to Rule 17 of the Federal Rules of Civil Procedure, an action must be commenced in the name of the real party in interest.  The fact that Chubb and CNA are improper entities to bring suit against has been made known to the Plaintiffs since the onset of this case.  Additionally, the contracts of insurance unequivocally

7

identify the insurers as Pacific, Great Northern, and Transcontinental.  Therefore, it is clear the real parties in interest are Pacific, Great Northern, and Transcontinental, all of which are domiciled outside the State of Ohio.

Here, it is undisputed that Pacific is a Wisconsin corporation, Great Northern is a Minnesota corporation, and both corporations' principal place of business is located in New Jersey. *Larkins Affidavit* ¶3 and ¶4.  Transcontinental (CNA) is a New York corporation with its principal place of business in New York. *Lehman Affidavit* ¶6.  Plaintiffs are all residents of Ohio and the jurisdictional amount in controversy is satisfied.  Therefore, the Court properly retains subject matter jurisdiction over this case and Plaintiffs' Motion to Remand is denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File First Amended Complaint, ECF DKT #36, is denied.  Accordingly, Plaintiffs' Motion for Remand, ECF DKT #31, is also denied since this Court properly possesses subject matter jurisdiction of this case pursuant to 28 U.S.C. §1332(a).

**IT IS SO ORDERED.**

11/16/05                                   s/ Christopher A. Boyko
**Date**                                   **CHRISTOPHER A. BOYKO**
                                           **United States District Judge**